Judge Mills
delivered tho Opinion of the Court.
The defendant in error held a note, of the amount ofS48 85, on a certain Edward Dawes. On the 17th February, is2!, he issued a warrant thereon from *78 a justice of the peace, requiring bail, and the plain tiffin error became special bail for said Dawes.
Judgment of thejustice of the peace.
Judgment of t)io circuit court.
The questions stated.
l'hc statutes increasing the jurisdiction of justices tp $50, give ' thorn jurisdiction to issue scire faciases on recognizances of special bail taken in cases befoie them, and to give judgment for exo culion.
*78 He then issued a capias ad satisfaciendum on his judgment, dated the 1st of August, 1821, which was returned, “ not levied, by order of the plaintiff.’* On the 5th of November, 1821, lie issued a second ca. sa. returnable, and actually returned, on the fourth Monday of December, 1821, with a return endorsed “ not found.”
In January, 1823, he issued from the same justice a summons in the nature of a scire facias, against the plaintiff in error, as the bail, and on the return thereof, the justice gave judgment against the bail, that the defendant in error have execution for the demand.
From this last judgment the bail appealed to the circuit court, and qn the trial there, the evidence being all contained in the record of the justice of the peace, it was submitted to the court without the intervention of a jury, and that court again gave judgment against the bail, to reverse which this writ of error with supersedeas, is prosecuted.
On this record the following questions present themselves: 4
1st. Do the acts of assembly increasing the jurisdiction of justices of the peace to the amount of fifty dollars, by necessary inference, vest jn justices the power and jurisdiction to coerce recognizances of special bail taken on their warrants, or do these recognizances create an obligation that must be enforced by some other tribunal?
2nd. Is this recognizance valid, not being sealed by the bail, under our statutes?
The acts which increased the jurisdiction, of justices of the peace, direct hail to be taken on warrants and prescribo the form thereof. But they are silent as to the mode of making the bail responsible. Of course the recognizance of special bail so taken, must be a dead letter, or the party entitled to its benefit must sue thereon in the circuit courts, or the justices must have the jurisdiction for the purpose of effectuating it.
The first gí these positions is wholly inadmissible. The idea cannot be for a moment indulged, *79 that the Legislature authorized the requisition of bail, for the want of which the debtor might he imprisoned, and yet intended that the obligation of the bail, when given, should be a nullity. Such a proceeding would be trilling with the freedom of the citizen, and torturing him by an arrest for no purpose. The intention then certainly was, that the recognizance of the bail so taken, should have in all respects the same force and effect as such recognizances had before the jurisdiction was given to justices of the peace.
F.xtracts from the statutes giving the jurisdiction.
Jurisdiction in the statutes, ex vi termini, car rios with it the right to effectuate ev cry judgment sentence or obligation belonging to the record, according to the forms am rules of lew
We also suppose the intention of the Legislature to be equally clear, that suit must not be brought on such recognizances in the circuit court. No mention is made of any translation of the record to the circuit court, except by appeal, in which case the recognizance might, no doubt, be enforced by the circuit court.
The expressions of the first act conferring this jurisdiction, read thus : “Hereafter, justices of the Peace in the several counties in this Commonwealth, shall have original jurisdiction of all debts and accounts not exceeding fifty dollars.” 2 Dig. L. K. 701. An act of the next succeeding session reads thus : “ The justices of the peace in lliis Commonwealth shall have exclusive original jurisdiction of all sums not exceeding fifty dollars, founded on any specialty, bill, or note in writing, or account.” 2 Dig. L. K. 704.
Here are ample grants of jurisdiction, and, ex vi termini, the word jurisdiction carries wit!» it the right to .proceed throughout, and to effectuate any judgment, sentence or obligation belonging to the record, according to the forms and rules of law ; and, of course, it necéssarily follows, that a justice of the pesce has power to summon the bail, to ascertain whether the contingency has happened on which the bail would be liable and fixed, and to render judgment that the plaintiff have execution against the bail, and issue ic accordingly. This translation of jurisdiction over questions of law so abstruse to justices of the peace, may be attended with some hazard to the rights of the parties. But this isa question of expediency only, with which this -court has nothing to do.
.Ttecngiii-ERiicc of hail taken by a ei. instable under >he act of Ji.lv, 2 In:;. L. K. '/OhiK invalid without i. seal— l'otwithstamli.iv tho act of the sunt session raising the dignity of unsealed instrumente.
fa the. constnifiiou of tftoAria ofiho sumo sex-iMi, tho whole is taken f.= ono Aci, audio wake a hii ter provision repeal a former, there musí, lio an , os) ro.ss decía ration or Absolute in— dbnsjftonoy.
As to the second point, whether this recognizance, is valid without a seal, oh a scrawl annexed in lieu of a seal, the act conferring the jurisdiction, before cited, gives the form of the recognizance in express words, and concludes it thus, “ witness my hand and seal.” It is clear, therefore, that the Legislature intended that all such recognizances, taken by constables, should have a seal annexed, and there is no power in the officer executing the warrant to dispense with it; and a recognizance without such seal cannot be enforced by scirefacias.
It is, however, insisted that at the same session, and a few days afterwards, the Legislature, while regulating civil proceedings, passed an act with the following provision, and that thereby a seal to such recognizance as this, is entirely dispensed with :
“ All writings hereafter executed, without a seal or seals, stipulating for the payment of money or property, or for the performance of any act or acts, duty or duties, shall be placed upon the same Í >oting with seahd writings containing the like stipulations, receiving the same consideration in all courts of justice, and to al! intents and purposes, leaving the same force and effect, and upon which the same species of action may be founded, as if sealed.”
It is true, as observed by the court below, the expressions of this latter aclare very broad, and if it had not passed at (lie same session with the former, it might, by the ordinary rules of construction, be held to be a repeal of the former, pro tanto.
lint with regard to aets of the same session, wo apprehend that the rules of construction arc some > what different. When they are compared together, they ought to he construed as one act on tho same Hibjoi't ; and the presumption ofso sudden a chango or revolution in the minds of the Legislature, ought not to be. indulged. There ought to be an express repeal, or an absolute- inconsistency between the two provisions, to authorize a court to say that the latter had repealed the former. If both these provisions were in ¡he same act, both must have effect if possible. F'e.uce the conclusion would be, that, the recognizance directed to he taken with a seal, in which t! e bail stipulated for the-performance of the *81 principal, ought to be held as an exception to the general provision which dispensed with a seal. According to this rule, this recognizance is invalid, and no judgment ought to have been rendered thereon.
Taul for plaintiff/ Crittenden for defendant.
The judgment must he reversed with costs, and the cause be remanded, with directions to enter judgment for the defendant below, with costs.